USDC SCAN INDEX SHEET

















GAC    5/1/06    13:40

3:06-CV-00792   SAN DIEGO CITY OF V. GABRIEL ROEDER SMITH

*4*

*MEMSUP.*

1 | MICHAEL J. AGUIRRE, City Attorney
DONALD McGRATH II, Executive Assistant City Attorney
2 | California State Bar No. 44139
　　Office of the City Attorney
3 | 　　1200 Third Avenue, Suite 1100
　　San Diego, California 92101-4100
4 | 　　Telephone:　(619) 533-5800
　　Facsimile:　(619) 533-5856
5 | Attorneys for Plaintiff CITY OF SAN DIEGO

FILED

2006 APR 27  PM 4:23

SOUTHERN DISTRICT OF CALIFO...

BY_____DEPUTY

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 | CITY OF SAN DIEGO,

11 | 　　　　Plaintiff,

12 | v.

13 | GABRIEL, ROEDER, SMITH & COMPANY, a)
Michigan corporation; and DOES 1 through 100,)
14 | inclusive,

15 | 　　　　Defendants.

16

17 |

Case No. 06CV0792WQH(POR)

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFF CITY OF SAN DIEGO'S
MOTION FOR LEAVE TO AMEND
COMPLAINT**

Judge:　　　Hon. William Q. Hayes
Courtroom:　4
Date:　　　June 19, 2006
Time:　　　11:00 a.m.

**NO ORAL ARGUMENT UNLESS
REQUESTED BY THE COURT**

18 | 　　　Plaintiff CITY OF SAN DIEGO ("the City") files the following memorandum of points

19 | and authorities in support of its motion for leave to file a Second Amended Complaint ("SAC"):

20 | **I**

21 | **INTRODUCTION**

22 | 　　　Having listed DOES 1-100 in its First Amended Complaint ("FAC"), the City now seeks

23 | to file a SAC naming Rick A. Roeder individually as a defendant. The SAC will also add factual

24 | allegations supporting the causes of action against Mr. Roeder. The Court should allow the City

25 | to file the SAC because the extent of Mr. Roeder's personal involvement was only recently

26 | discovered by the City, the City acted in good faith and in a timely manner to name Mr. Roeder

27 | individually, and failure to add him at this point will greatly prejudice the City.

28 | / / /

1

## II

### PROCEDURAL HISTORY

On or about August 19, 2005, the City filed a FAC in an action entitled *The City of San Diego v. Callan Associates, Inc., Gabriel Roeder Smith & Company, and DOES 1-100.*, San Diego Superior Court Case No. GIC852419. After the case against Callan Associates and Gabriel Roeder Smith was severed into two separate cases, defendant Gabriel Roeder Smith removed the case to federal court on April 6, 2006. Concurrently with the present motion for leave to file a SAC, the City is also moving to have the case remanded back to state court.

## III

### FACTUAL HISTORY

**A.    Background.**

The following facts are alleged in the City's FAC: Gabriel Roeder Smith & Company is a professional services firm that provides actuarial and consulting services to a variety of businesses. Gabriel Roeder Smith & Company was hired as a third-party consultant pursuant to Section 144 of the City Charter to assist the City retirement system's Board of Administration. Gabriel Roeder Smith & Company's primary duty was to help the Board of Administration and the City to determine the City's annual contribution rate to the retirement plan under Section 143 of the City Charter and to assure that the retirement system was actuarially sound under Section 142 of the City Charter.

Beginning as early as 1996, Gabriel Roeder Smith & Company adopted a method for determining the funding level of the City's annual contribution to SDCERS which was never, and has never, been approved as an acceptable accounting method for the setting of employer contributions to a pension fund like SDCERS. This funding method, called "corridor funding," resulted in the City contributing to the system at rates that were below the actuarially required contribution rate.

In 1998, Gabriel Roeder Smith & Company recommended that SDCERS adopt an amortization period that understated the gravity of the unfunded liability created by "corridor funding" and the amount of contributions needed to properly fund the unfunded liability. This

1  amortization period was not actuarially sound and it resulted in the City making contributions to

2  SDCERS that were less than it was required to contribute.

3      Beginning as early as 1996, Gabriel Roeder Smith & Company blended SDCERS'

4  investment returns over a 5-year period to conceal the amount of losses in difficult years. This

5  "actuarial smoothing" resulted in the concealment of the plummeting funding ratio of the

6  retirement system and kept the City from making appropriate contributions to SDCERS as

7  required.

8      In 1996, Gabriel Roeder Smith & Company endorsed "MP 1", a proposal to increase the

9  pension benefits to SDCERS members, although it knew that MP 1 was not actuarially sound. As

10  a result of the endorsement, the City of San Diego wrongly believed that MP 1 was actuarially

11  sound and that it was contributing to SDCERS at actuarially required rates.

12      In 2002, Gabriel Roeder Smith & Company gave approval to the adoption of "MP 2", a

13  proposal to substantially increase the pension benefits to be paid to SDCERS members and to

14  further under-fund San Diego's pension system. As a result of the approval, the City of San Diego

15  wrongly believed that the MP 2 was actuarially sound and that it was contributing to SDCERS at

16  actuarially required rates.

17      Finally, beginning as early as 1996, Gabriel Roeder Smith & Company wrongly

18  misrepresented and/or endorsed the financial health of SDCERS in annual actuarial valuations.

19  As a result of the misrepresentations and endorsements by Gabriel Roeder Smith & Company the

20  City of San Diego wrongly believed that the pension fund system was in sound condition

21  according to actuarially sound methods.

22      B.      **Facts Leading to Necessity of Filing SAC.**

23      The City was ignorant of the true name of defendant Rick A. Roeder at the time of filing

24  the First Amended Complaint, and properly alleged such ignorance as required by California

25  Code of Civil Procedure section 474. *Declaration of Donald McGrath*, ¶21; *FAC* ¶4. The City

26  stated in the FAC that defendant would be designated in any pleading or proceeding by any name

27  as required by C.C.P. §474. FAC ¶4. Due to newly discovered information in a report entitled

28  "*Investigation for the Board of Administration of the San Diego City Employees' Retirement*

1   *System*," the City has discovered the defendant's true name and additional conduct that tends to

2   prove that Mr. Roeder is responsible to the City for damages as a result of actions complained of

3   in the FAC. *Dec. of McGrath,* ¶¶21, 22. The report, published on January 20, 2006 by Navigant

4   Consulting, Inc., and Reish, Luftman, Reicher & Cohen, provided information which was

5   unavailable at the time of filing the FAC relating to the identity and actions of Mr. Roeder, who

6   individually served as the actuary for SDCERS throughout the relevant period. *Id.*

7                                                    IV

8                    **THE PROPOSED AMENDMENT IS PROPER PURSUANT**
                          **TO CALIFORNIA LAW**
9

10           California permits plaintiffs to sue defendants by fictitious names if their true names are

11   unknown at commencement of the action pursuant to California Code of Civil Procedure section

12   §474. The purpose of C.C.P. §474 is to enable a plaintiff to avoid the bar of the statute of

13   limitations when the plaintiff is ignorant of the defendant's identity. *Davis v. Marin*, 80 Cal. App.

14   4th 380, 386-387 (2002). Under Section 474, the amendment will "relate back" for statute of

15   limitations purposes to the date the complaint was filed. *Hoffman v Keeton*, 132 Cal 195 (1901);

16   *Austin v Massachusetts Bonding & Ins. Co.*, 56 Cal.2d 596 (1961). This amendment is proper at

17   any time within the period allowed for service of summons, a maximum of 3 years under

18   California law pursuant to C.C.P. §583.210. *Lindley v. General Electric Co.*, 780 F2d 797, 800

19   (9th Cir. 1986). The instant action was filed on August 19, 2005, well within the allowable time

20   period for service of summons. Because Section 474 is a California statutory provision dealing

21   with the applicable statute of limitations, and the City seeks to add a defendant within the

22   statutory period for service of summons, the Court should follow the California standard of

23   joinder under Section 474 because the addition of Rick A. Roeder as a defendant in the proposed

24   amendment relates back to the date of the original pleading.  See Federal Rule of Civil Procedure

25   15(c)(1).

26           Here, the City was ignorant of the true name and conduct of defendant Rick A. Roeder at

27   the time of filing the First Amended Complaint, and properly alleged such ignorance as required

28   by Section 474. *Declaration of McGrath*, ¶21; *FAC* ¶4. The City stated in the FAC that defendant

1   would be designated in any pleading or proceeding by any name as required by Section 474. *FAC*

2   *¶4.* Due to newly discovered information in a report entitled *Investigation for the Board of*

3   *Administration of the San Diego City Employees' Retirement System*, the City has discovered the

4   defendant's true name and additional conduct that tends to prove that Mr. Roeder is responsible to

5   the City for damages as a result of actions complained of in the FAC. The report, published on

6   January 20, 2006 by Navigant Consulting, Inc., and Reish, Luftman, Reicher & Cohen, provided

7   information which was unavailable at the time of filing the First Amended Complaint relating to

8   the identity and actions of Rick A. Roeder, who individually served as the actuary for SDCERS

9   throughout the relevant period. *McGrath Declaration*, ¶¶ 21, 22.

10          Section 474 is to be liberally construed by the courts. The plaintiff is considered

11   "ignorant" within the meaning of the statute if the plaintiff lacks knowledge of that party's

12   connection with the case or with the plaintiff's injuries. *General Motors Corp. v. Superior Court*,

13   48 Cal. App. 4th 580, 593-594 (1996). In the instant case, although the City may have been aware

14   that Rick A. Roeder was employed by Gabriel Roeder Smith & Company as an actuary, it was not

15   until the report published on January 20, 2006 by Navigant Consulting, Inc., and Reish, Luftman,

16   Reicher & Cohen that the City knew that a cause of action based on the facts plead in the FAC

17   existed against Mr. Roeder individually. "[R]elation back requires only that the plaintiff set forth

18   or attempted to set forth some cause of action against the fictitiously named defendants ...."

19   *Palestini v. General Dynamics*, 193 F.R.D. 654, 656 (2000). The FAC alleges numerous instances

20   of fraudulent and negligent conduct by Gabriel Roeder Smith & Company. Mr. Roeder was at all

21   times relevant to the instant action a managing agent of Gabriel Roeder Smith & Company, and

22   was at all times relevant to the instant action the principal actuary providing actuarial services to

23   SDCERS and its members, including the City.

24          Furthermore, federal policy favors freely given amendments to pleadings unless the

25   opposing party makes a showing of undue prejudice, bad faith or dilatory motive on the part of

26   the moving party. *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997). As

27   discussed earlier, the City was preparing an amended complaint to name Mr. Roeder to the action

28   prior to learning of defendant's removal of this case to federal court. The proposed SAC details

1   substantive allegations regarding the individual conduct of Mr. Roeder as it relates to the cause of

2   action plead in the FAC.

3                                                    V

4              **ALLOWING THE CITY TO FILE THE SAC IS PROPER**
                **UNDER SECTION 1447(e) BECAUSE THE CITY ACTED**
5              **PROPERLY AND IN A TIMELY MANNER, AND THE CITY**
                **WILL BE PREJUDICED BY A DENIAL OF THE MOTION**
6

7              Pursuant to 28 U.S.C. §1447(e), the Court has discretion to allow an amendment such as

8   the City's SAC in this case, which seeks joinder of a party whose presence would destroy subject

9   matter jurisdiction. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Courts have

10  considered a variety of factors in deciding whether to allow such amendments, including (1)

11  whether the person sought to be joined is a necessary party under F.R.C.P. 19 (a); (2) whether the

12  statute of limitations would preclude an original action against the new defendants in state court;

13  (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is

14  intended solely to defeat diversity; (5) whether the claims against the new defendant appear to be

15  valid; and (6) whether denial of joinder will prejudice the plaintiff. *Palestini v. General Dynamics*

16  *Corp.* 193 F.R.D. 654, 656 (2000). In this case, the factors weigh in favor of permitting the

17  proposed amendment to add Mr. Roeder as a party to this action.

18          1.      **Mr. Roeder is a Necessary Party Under Federal Rule of Civil Procedure 19.**

19          The Court may consider whether a party would meet the F.R.C.P. 19 (a) standard for a

20  necessary party. However, for purposes of permitting an amendment which seeks to add a non-

21  diverse defendant under 28 U.S.C. §1447(e), the Court should use "a less restrictive standard than

22  for joinder under Rule 19." *IBC Aviation Services, Inc. v. Campania Mexicana De Aviacion,* 125

23  F.Supp.2d 1008, 1011 (2000). This less restrictive standard is met when "failure to join will lead

24  to separate and redundant actions." *Id.* at 1012. In the instant case, there is high degree of

25  involvement by the defendant in the occurrences that gave rise to the City's causes of action,

26  making it very likely that without joinder of Mr. Roeder, the City would be forced to pursue a

27  nearly identical claim against him in state court. See *Desert Empire Bank v. Ins. Co. of N.*

28  *America*, 623 F.2d 1371, 1376 (9th Cir. 1980) (permitting joinder of an insurer who denied the

1 | existence of an insurance contract, so plaintiff could pursue counts of fraud and/or negligent

2 | misrepresentation). Mr. Roeder was at all times relevant to this action the managing agent of

3 | Gabriel Roeder Smith & Company, and the principal actuary providing actuarial services to

4 | SDCERS and the City. A necessary party is one "having interest in the controversy, and who

5 | ought to be made a party, in order that the court may act on that rule which requires it to decide

6 | and finally determine the entire controversy, and do complete justice, by adjusting all the rights

7 | involved in it." *Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 656 (2000) (quoting

8 | *Shields v. Barrow*, 58 U.S. 130, 139 (1855)). Mr. Roeder is a necessary party to this litigation

9 | based upon his substantial involvement in the conduct alleged in the FAC which has caused

10 | injury to the City of San Diego. Mr. Roeder's personal conduct as relating to the instant action is

11 | further detailed in the proposed SAC. This factor supports the City's motion for leave to file a

12 | SAC.

13 | **2.   A Newly Begun Action Against Mr. Roeder May Be Barred By the Statute of**

14 | **Limitations, But the Allegations Against Him Relate Back to the Original Complaint.**

15 | Although bringing a new, separate action against Mr. Roeder for his actions as an actuary

16 | for SDCERS may be barred by the statute of limitations, the circumstances behind the City

17 | naming him in the SAC make it proper for the new filing to relate back to the original complaint,

18 | as argued above.

19 | **3.   The City's Proposed Second Amended Complaint is Being Timely Filed.**

20 | The City was attempting to amend the complaint to add Mr. Roeder as an individual in the

21 | state court action prior to becoming aware of defendant's removal of the case to federal court.

22 | *McGrath Declaration*, ¶¶ 21-23; *Forde Declaration*, ¶¶ 3-4. The instant motion for leave to

23 | amend the complaint and submission of the City's proposed SAC is being filed less than 30 days

24 | after the City received notice of defendant's removal on April 6, 2006. An amendment filed

25 | within a similar time period has been considered to be filed in a timely fashion. See *Boon v.*

26 | *Allstate Insurance Co.*, 229 F. Supp. 2d 1016, 1022 (2002) [amendment considered timely when

27 | it was filed less than a month after removal]. Furthermore, an amended complaint filed six weeks

28 | after removal has been held to be timely. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (1999).

1  The City has not delayed in filing this motion for leave to file an amended complaint. This factor

2  supports the City's motion for leave to file a SAC.

3      **4.      The City's Motive for Adding Mr. Roeder Also Supports Allowing the**

4  **Amendment.**

5          The Court should consider the City's true intent at the time the action was removed to

6  determine whether the amended complaint should be allowed. *Goodman v. Travelers Ins. Co.*,

7  561 F. Supp. 1111, 1113-1114 (1983). The instant action is very similar to *Goodman*, in which

8  the court remanded the action where a plaintiff amended her complaint naming non-diverse

9  defendants who were involved in the events giving rise to the cause of action. *Id.* at 1114. The

10  court in *Goodman* took note of the fact that the plaintiff had sued defendants by fictitious names

11  because their true names were unknown at commencement of the action, and "had not intended to

12  abandon its action against the fictitious defendants." *Id.* Here, the City, like the plaintiff in

13  *Goodman*, lacked sufficient knowledge of Mr. Roeder's connection with the injuries caused to the

14  City based on the facts plead in the FAC until after the report published by Navigant Consulting

15  and Reish, Luftman was released and could be sufficiently synthesized. Also, as stated in the

16  City's declarations, the City had begun plans to amend the complaint to add Mr. Roeder as a

17  defendant *before* the City became aware of defendant's removal of the case to federal court.

18  *McGrath Declaration*, ¶¶ 21-23; *Forde Declaration*, ¶¶ 3-4. During the time that the City was

19  working on the amended complaint to add Mr. Roeder, there was never any thought that the case

20  might be removed to federal court because counsel for defendants had stipulated to a

21  consolidation of the action in state court. *McGrath Declaration*, ¶19; *Conger Declaration*, ¶¶ 5, 6.

22  Attempting to defeat diversity jurisdiction, then, was not the City's intent. This factor also

23  supports the City's motion for leave to file a SAC.

24      **5.      The Court May Consider the Validity of the Claims Against Mr. Roeder as an**

25  **Individual.**

26          As the managing agent of Gabriel Roeder Smith & Company, and the principal actuary

27  providing actuarial services to SDCERS and its members, including the City of San Diego, Mr.

28  Roeder was, at all relevant times, acting within the scope of his employment as the principal

8

1    actuary for SDCERS. As such, he had a duty to provide SDCERS and the City with an actuarially

2    sound retirement system. California Government Code §45342 provides, "[a]ny pension system

3    adopted shall be on sound actuarial basis...." California Government Code §7504 (a) provides,

4    "[t]he actuary shall perform a valuation of the system utilizing actuarial assumptions and

5    techniques...that are...reasonably related to the experience and the actuary's best estimate of

6    anticipated experience...." The members of the retirement system, including the City of San

7    Diego, have a right to receive an actuarially sound retirement system. See *Board of*

8    *Administration v. Wilson*, 52 Cal. App. 4th 1109, 1131-1137 (1997); See also *In re Retirement*

9    *Cases*, 110 Cal. App. 4th 426, 457-460 (2003).

10        The numerous allegations in the FAC against Gabriel Roeder Smith & Company, of

11    which Mr. Roeder is a managing agent, and the additional information relating to Mr. Roeder

12    individually, contained in the proposed SAC, are sufficient to state a valid claim against Mr.

13    Roeder. This factor also supports the City's motion for leave to file a SAC.

14        **6.**    **The City Will Suffer Prejudice if the Motion is Denied.**

15        If the City is not permitted to file the proposed SAC naming Mr. Roeder as an individual

16    in place of "Doe 1," the City will be prejudiced in several ways. A denial of the motion to amend

17    will force the City to sue Mr. Roeder individually in state court, resulting in two nearly lawsuits

18    with the same claims proceeding in two separate forums. This would cause a significant

19    inconvenience for the City, a municipality whose limited resources are already stretched to a

20    breaking point, due in large part to the actions of defendants. The claims and evidence required to

21    prove the claims against Gabriel Roeder Smith & Company and Rick A. Roeder, individually, are

22    significantly similar, so that discovery in the two cases would likely overlap, creating scheduling

23    problems and diminishing judicial efficiency.

24        Further, the interest of judicial economy wiil be served by permitting amendment because

25    the parties have been engaging in settlement negotiations before the Honorable Lawrence R.

26    Irving, retired, who has been working with both parties to reach a settlement since the original

27    filing of this matter. *McGrath Declaration*, ¶6. Finally, there will be little prejudice to the

28    defendants from allowing the amendment at such an early stage of the case. Defendants have not,

1   at this time, filed a motion to dismiss the matter, or any other substantive motions, a factor that

2   has led at least one Southern California District Court to find that joinder was proper. See

3   *Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 658 (2000). This factor also supports the

4   City's motion for leave to file a SAC.

**VI**

**CONCLUSION**

7       For the reasons listed above, the City respectfully requests leave to file a SAC to add Mr.

8   Roeder as an individually named defendant in this action.


10   Dated: April 26 , 2006            MICHAEL J. AGUIRRE, City Attorney


By _____

                                  Donald McGrath II
                                  Executive Assistant City Attorney

                                  Attorneys for Plaintiff
                                  CITY OF SAN DIEGO

06CV0792WQH(POR)